UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JOHN DOE, | ) |
|                        Petitioner, | ) |
|                   v. | )      No. 2:25-cv-00480-MPB-MJD |
| PAMELA BONDI In Her Official Capacity as U.S. Attorney General, *et al.*, | ) |
|                     Respondents. | ) |

**ORDER**

    John Doe is an alien who has been subject to a final order of removal since 2008. Since 2012, he has lived in the United States subject to an order of supervision issued by U.S. Immigration and Customs Enforcement. In September 2025, Mr. Doe was arrested by ICE personnel during a regular check-in appointment, and he remains detained at ICE's direction.

    Mr. Doe's petition for a writ of habeas corpus seeks immediate release from detention based on the government's failure to abide by its own process for revoking his order of supervision. The government does not argue otherwise. Accordingly, the Court grants Mr. Doe's petition to the extent it orders the respondents to either immediately revoke Mr. Doe's order of supervision under the prescribed process or release him from detention.

**I. Background**

    Mr. Doe entered the United States in 2000 as a child. He later was ordered removed and left the United States voluntarily. He returned in 2008 and has remained in the United States since then. Dkt. 1 ¶ 16; dkt. 23-1 at 7–8.

In 2012, Mr. Doe was arrested and charged with drunken driving. He eventually was transferred to ICE custody. ICE did not remove Mr. Doe despite his pre-existing removal order. Instead, ICE released Mr. Doe subject to an order of supervision. Dkt. 1 ¶ 19; Dkt. 26-1.

ICE officials arrested Mr. Doe on September 22, 2025, at a regularly scheduled appointment. Dkt. 1 ¶ 25; dkt. 23-1. No documentation from that encounter acknowledges Mr. Doe's order of supervision, purports to revoke the order, or provides any reason for revocation. At ICE's direction, Mr. Doe was detained in the Clay County Jail and is now detained at a facility in Kentucky.[1]

## II. Legal Standard

A federal court may issue a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Four sources of law govern Mr. Doe's petition.

First, the Attorney General must detain an alien who has been ordered removed for 90 days. 8 U.S.C. § 1231(a)(1). "If the alien does not leave or is not removed within the [90-day] removal period, the alien, pending removal, shall be subject to supervision under regulations prescribed by the Attorney General." 8 U.S.C. § 1231(a)(3). Aliens who have been ordered removed for certain reasons may be released, subject to supervision, at the Attorney General's discretion. 8 U.S.C. § 1231(a)(6).

Second, the regulations referenced in § 1231(a) prescribe procedures for revoking an order of supervision and returning a removable alien to custody. If the alien "violates the conditions of release," he "will be notified of the reasons for revocation" of release, returned to custody, and

---

[1] This move does not affect this court's jurisdiction over the habeas petition. "[W]hen the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." *Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004).

2

"afforded an initial informal interview promptly after" returning to custody so he may have "an opportunity to respond to the reasons for revocation stated in the notification." 8 C.F.R. § 241.4(l)(1).

Alternatively, designated officials have discretionary authority to revoke orders of supervision. 8 C.F.R. § 241.4(l)(2). The revoking official must determine that:

i. The purposes of release have been served;

ii. The alien violate[d] any condition of release;

iii. It is appropriate to enforce a removal order or to commence removal proceedings against an alien; or

iv. The conduct of the alien, or any other circumstance, indicates that release would no longer be appropriate.

*Id.* Section 241.4(l)(3) provides for additional reviews to take place following redetention.

Third, the Administrative Procedure Act requires that federal courts to "hold unlawful and set aside agency action" that is:

A. arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

B. contrary to constitutional right, power, privilege, or immunity; [or]

C. in excess of statutory jurisdiction, authority, or limitations, or short of statutory right.

5 U.S.C. § 706(2). "[C]ourts have consistently demanded governmental compliance with administrative regulations designed to safeguard individual interests." *Martinez Camargo v. I.N.S.*, 282 F.3d 487, 491 (7th Cir. 2002); *see also United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 267–68 (1954) ("We think the petition for habeas corpus charges the Attorney General with precisely what the regulations forbid him to do: dictating the Board's decision. [W]e object to the Board's alleged failure to exercise its own discretion, contrary to existing valid regulations."); *K.E.O. v. Woosley*, No. 4:25-CV-74-RGJ, 2025 WL 2553394, at *6–7 (W.D. Ky. Sept. 4, 2025)

("Based upon the record provided, no reasons were provided by ICE and no informal interview promptly occurred. . . . ICE's failure to follow their own regulations violate the *Accardi* doctrine and K.E.O.'s procedural due process rights.").

Fourth, and most simply, "[f]ailure to respond to an argument . . . results in waiver." *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010).[2]

### III. Analysis

There is no dispute that Mr. Doe is a removable alien whose detention is authorized by 8 U.S.C. § 1231(a). The 90-day removal period expired long ago, so he is eligible for release subject to an order of supervision. Indeed, he *was* released subject to an order of supervision and, according to the record before the Court, complied with it for more than a decade years before being returned to custody.

Mr. Doe contends that his current confinement is unlawful because the government did not abide by its own processes for revoking his release. Lacking any evidence that he violated any condition of release, the government could not lawfully revoke his release under 8 C.F.R. § 241.4(l)(1). And, there is no evidence that either the Executive Associate Commissioner or a District Director revoked Mr. Doe's release as required by § 241.4(l)(2)—much less that they undertook the necessary considerations or based the decision on the required findings. *See* dkt. 1 ¶¶ 51–92; dkt. 26.

---

[2] Mr. Doe argues that the government violated his Fifth Amendment procedural and substantive due process rights—in addition to the APA and the *Accardi* doctrine—by detaining him without properly revoking his order of supervision. Dkt. 1 ¶¶ 48–58; dkt. 26 at 2–5. Whether the violation is constitutional, statutory, or administrative, the undisputed record before the Court shows that Mr. Doe is currently detained in violation of the law and therefore entitled to habeas corpus relief. The Court therefore resolves the petition through the more straightforward framework of the APA and *Accardi* and leaves the constitutional analysis for a different case. For reasons noted below, this approach does not affect Mr. Doe's entitlement to relief or the appropriate remedy.

The respondents do not confront this dispositive issue in their response brief. The respondents maintain that Mr. Doe's detention is authorized by 8 U.S.C. § 1231(a). But the respondents never dispute that Mr. Doe's release must have been revoked under 8 C.F.R. § 241.4(l)(1) or (2). They never offer evidence or argument that an official with authority revoked Mr. Doe's release or that the official did so according to the correct procedure. And, they never argue that the issue is non-dispositive, such that the revocation of Mr. Doe's release and his continued detention remain lawful even if his release was not revoked by the correct official or according the correct process.

Mr. Doe has made a showing that he was released subject to an order of supervision and that his release was not revoked by an official with authority or according to the process the law prescribes. The respondents have not offered evidence or even argument to the contrary. The Court therefore finds under the APA and the *Accardi* doctrine that the revocation of Mr. Doe's release and his detention are contrary to law.

That leaves only the selection of a remedy for the violation. In recent months, some District Courts confronting the question have ordered that aliens detained without the process required by 8 C.F.R. § 241.4(l) be released from detention.[3] But, in habeas, as in every other area of the law,

---

[3] *See, e.g.*, *Phan v. Noem*, No. 3:25-CV-02422-RBM-MSB, 2025 WL 2898977, at *5 (S.D. Cal. Oct. 10, 2025) ("ICE's failure to comply with both 8 C.F.R. § 241.4 and 8 C.F.R. § 241.13 violated Petitioner's due process rights. . . . Respondents are ORDERED to immediately release Petitioner from custody, subject to his preexisting Order of Supervision."); *Villanueva v. Tate*, No. CV H-25-3364, 2025 WL 2774610, at *7 (S.D. Tex. Sept. 26, 2025) ("Multiple courts have held that the government's failure to follow its own immigration regulations may warrant the release of a detained noncitizen."); *Grigorian v. Bondi*, No. 25-CV-22914-RAR, 2025 WL 2604573, at *9 (S.D. Fla. Sept. 9, 2025) ("The process afforded here fails to comply with ICE's own regulations or comport with traditional notions of due process. It is a rather 'unremarkable proposition that an agency must abide by its own regulations.'" (quoting *Chevron Oil v. Andrus*, 588 F.2d 1383, 1386 (5th Cir. 1979); citing *Accardi*, 347 U.S. at 268); *Diaz v. Wofford*, No. 1:25-CV-01079-JLT- EPG, 2025 WL 2581575, at *9 (E.D. Cal. Sept. 5, 2025) ("Here, on the present record it does not appear that petitioner was afforded appropriate notice and an opportunity to be heard in compliance with the regulation or by any other means."); *K.E.O.*, 2025 WL 2553394 at *7 ("Immigration statutes are complex. The Court acknowledges that the United States has broad discretion to enforce immigration laws and, possibly, to revoke Petitioner's Order of Supervision. But it must follow the law and give every word

"the remedy should be appropriate to the violation." *Waller v. Georgia*, 467 U.S. 39, 50 (1984). In this case, the government has statutory authority to detain Mr. Doe. Its wrong was failing to follow the proper protocol for revoking his order of supervision. Rather than order his immediate release, the Court finds it prudent to afford the government to *immediately* afford him the process he was owed in the beginning and release him if it cannot do so in the time provided.[4]

### IV. Conclusion

Mr. Doe's petition for a writ of habeas corpus is **granted** insofar as:

A. The respondents will have **through October 29, 2025**, to file documentation that an official expressly authorized under 8 C.F.R. § 241.4(l)(1) or (2) has revoked Mr. Doe's release according to the process contained in that regulation. If release is revoked under § 241.4(l)(1), the

---

in the applicable statutes and regulations their full meaning."); *Delkash v. Noem*, No. 5:25-CV-01675-HDV-AGR, 2025 WL 2683988, at *6 (C.D. Cal. Aug. 28, 2025) ("These procedures are not optional or discretionary; they must be followed, and failure to do so renders the detention unlawful. For that reason, the Court finds that Delkash is likely to succeed on his claim that the government did not properly revoke his release pursuant to 8 C.F.R. §§ 241.4 and 241.13."); *M.S.L. v. Bostock*, No. 6:25-CV-01204-AA, 2025 WL 2430267, at *12 (D. Or. Aug. 21, 2025) ("In sum, ICE failed to follow its own regulations in detaining Petitioner by (1) failing to provide a timely Notice of Revocation of Petitioner's Order of Supervision; (2) failing to provide a Notice of Revocation signed by an official authorized to revoke Petitioner's release; and (3) failing to provide Petitioner with a 'prompt' informal interview so that she could contest the reasons for her revocation. In doing so, ICE violated Petitioner's constitutional due process rights. Petitioner's habeas petition will be GRANTED and Petitioner will be ordered RELEASED.").

[4] If the Court ordered Mr. Doe's immediate release, there would not appear to be any reason why the government could not properly revoke Mr. Doe's order of supervision and detain him. It is more sensible, therefore, to order the government to comply with its regulations and release him if it cannot do so timely. *See Waller*, 467 U.S. at 50 ("If, after a new suppression hearing, essentially the same evidence is suppressed, a new trial presumably would be a windfall for the defendant, and not in the public interest."); *see also Jackson v. Denno*, 378 U.S. 368, 393–94 (1964) ("New York . . . should first provide Jackson with that which he has not yet had and to which he is constitutionally entitled—an adequate evidentiary hearing productive of reliable results concerning the voluntariness of his confession. It does not follow, however, that Jackson is automatically entitled to a complete new trial including a retrial of the issue of guilt or innocence."); *Barrios v. Ripa*, No. 1:25-CV-22644, 2025 WL 2280485, at *8 (S.D. Fla. Aug. 8, 2025) ("Even if Petitioner could establish that Respondents violated their OSUP revocation procedures, the Court finds that Petitioner's release from detention . . . would not be appropriate. . . . Instead, the Court could order Respondents to provide Petitioner with a new Notice signed by the appropriate official and afford Petitioner a more robust interview."

respondents must also file documentation that Mr. Doe has received the written notice and initial informal interview prescribed by the regulation. If the respondents cannot do so in the time provided, they must certify that the petitioner has been released from detention subject to his most recent order (and conditions) of supervision.

B. The respondents will have **through October 31, 2025**, to file documentation that the government has scheduled and notified Mr. Doe of the custody review required by 8 C.F.R. § 241.4(l)(3). Again, if the respondents cannot do so in the time provided, they must certify that the petitioner has been released from detention subject to his most recent order (and conditions) of supervision.

No final judgment will issue at this time.

**IT IS SO ORDERED.**

Dated: October 27, 2025

Matthew P. Brookman, Judge
United States District Court
Southern District of Indiana

Distribution:

Sarah L. Burrow
LEWIS & KAPPES PC
sburrow@lewis-kappes.com

Edan Israel Gomez
Lewis Kappes
egomez@lewiskappes.com

Liberty L. Roberts
CHURCH CHURCH HITTLE & ANTRIM (Noblesville)
lroberts@cchalaw.com

Allison Lauren Upchurch
LEWIS & KAPPES PC
aupchurch@lewis-kappes.com

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
shelese.woods@usdoj.gov