UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 2:25-cv-00480-MPB-MJD |
| | ) |
| PAMELA BONDI In Her Official Capacity as U.S. Attorney General, *et al.*, | ) |
| | ) |
| Respondents. | ) |

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING IMMEDIATE RELEASE

John Doe is an alien who has been subject to a final order of removal since 2008. Since 2012, he has lived in the United States subject to an order of supervision issued by U.S. Immigration and Customs Enforcement. In September 2025, Mr. Doe was arrested by ICE personnel during a regular check-in appointment, and he remains detained at ICE's direction.

Mr. Doe filed a petition for a writ of habeas corpus seeking immediate release from detention based on the government's failure to abide by its own process for revoking his order of supervision. The respondents did not oppose this argument in its response. Rather than order his immediate release, however, the Court granted Mr. Doe's petition in part and ordered the respondents to certify that they had taken the proper steps to revoke Mr. Doe's order of supervision. Specifically, the Court directed:

> The respondents will have **through October 29, 2025**, to file documentation that an official expressly authorized under 8 C.F.R. § 241.4(l)(1) or (2) has revoked Mr. Doe's release according to the process contained in that regulation. If release is revoked under § 241.4(l)(1), the respondents must also file documentation that Mr. Doe has received the written notice and initial informal interview prescribed by the regulation. If the respondents cannot do so in the time provided, they must certify that the petitioner has been released from detention subject to his most recent order (and conditions) of supervision.

Dkt. 27 at 6–7.

The respondents answer the Court's order with a declaration by ICE Supervisory Detention and Deportation Officer Brian Rathnow, dkt. 28-1. Mr. Rathnow states that ICE revoked Mr. Doe's order of supervision twice: once through a warrant of removal, dkt. 23-1 at 1–5, and again through "a letter again informing him that his order of supervision was revoked," dkt. 28-2. *See* dkt. 28-1 ¶¶ 5–6. The respondents represent that these documents demonstrate compliance with the Court's order and properly revoke Mr. Doe's order of supervision.

Mr. Doe objects, arguing that the respondents have not demonstrated compliance with the regulatory requirements for revoking an order of supervision or with this Court's order.

### I. Regulatory Requirements

The Court ordered the respondents to document that they properly revoked Mr. Doe's order of supervision pursuant to 8 C.F.R. § 241.4(l)(1) or (2).

Section 241.4(l)(1) governs revocation of release based on an alien's violation of conditions of release: "Any alien . . . who violates the conditions of release may be returned to custody." "Upon revocation, the alien will be notified of the reasons for revocation of his or her release or parole." *Id.*

Section 241.4(l)(2) governs discretionary revocation of release for reasons other than violation of conditions of release. It specifically identifies who may revoke release and on what basis. Section 241.4(1)(2) grants discretion to revoke release to an Executive Associate Commissioner or, in more limited circumstances, to a District Director. The District Director may act only if, in his or her opinion, "revocation is in the public interest and circumstances do not reasonably permit referral of the case to the Executive Associate Commissioner."

Section 241.4(l)(2) specifies that either official may revoke release only if, in the official's opinion:

(i) The purposes of release have been served;

(ii) The alien violates any condition of release;

(iii) It is appropriate to enforce a removal order or to commence removal proceedings against an alien; or

(iv) The conduct of the alien, or any other circumstance, indicates that release would no longer be appropriate.

## II. Warrant of Removal

The first document purported to revoke Mr. Doe's order of supervision is a "Warrant of Removal/Deportation" dated September 22, 2025. Dkt. 23-1 at 1–5. The document is signed by Respondent Javier Amezcua, an ICE Deportation Officer. *Id.* It does not document any violation of a condition of supervision. It does not document Mr. Amezcua's opinion that revoking Mr. Doe's release is in the public interest or that circumstances prevented referral of the matter to an Executive Associate Commissioner. And, it does not identify any of the considerations enumerated in § 241.4(l)(2) as justifying the revocation of Mr. Doe's release. Rather, it acknowledges that Mr. Doe is subject to a final order of removal and directs that he be taken into custody and removed. *Id.*

The warrant of removal does not satisfy either of the regulatory processes for revoking Mr. Doe's order of supervision. The warrant cannot satisfy § 241.4(l)(1) because it does not identify any violation of any condition of supervision. And it cannot satisfy § 241.4(l)(2) because it has not been issued by an authorized official. Under the regulation, release may be revoked by an Executive Associate Commissioner or, in limited circumstances, a District Director. Mr. Amezcua, a Deportation Officer, is neither.

The respondents have tendered a delegation order by the ICE Executive Associate Director of Enforcement and Removal Operations. Dkt. 28-3. It delegates specified authority to specified subordinates, but it applies to "Deportation and Detention Officers" only to the extent they are serving as "Field Program Managers." *Id.* at 2. No evidence indicates that Mr. Amezcua was serving as a Field Program Manager or otherwise held one of the positions reached by the delegation.

### III. Notice of Revocation of Release

The second document purported to revoke Mr. Doe's release is a "Notice of Revocation of Release" dated October 28, 2025. Dkt. 28-2. This document is signed by Acting Deputy Field Office Director Dennis Woemmel. *Id.* The document does not state a basis for revoking Mr. Doe's release. The material part of the document states:

> This letter is to inform you that your case has been reviewed and it has been determined that you will be kept in the custody of the Department of Homeland Security, Immigration and Customs Enforcement (DHS/ICE) at this time. This decision has been made based on a review of your file and/or your personal interview, in light of your Final Order of removal and significant likelihood of removal and no pending appeals.

*Id.*

Mr. Doe correctly argues that this document, like the Warrant of Removal, is not a revocation of release for purposes of § 241.4(l)(1) because it does not identify a violation of any condition of release. He also correctly argues that the Notice of Revocation fails to satisfy the requirements of § 241.4(l)(2). Neither the regulation nor the delegation order, dkt. 28-3, grants an Acting Deputy Field Office Director authority to revoke release. If it did, Mr. Woemmel did not document what circumstances prevented him from referring Mr. Doe's case to an Executive Associate Commissioner. 8 C.F.R. § 241.4(l)(2). And, if he had satisfied either of those obligations,

4

he still did not articulate which of the four considerations enumerated in the regulation justified revocation of Mr. Doe's release.[1]

### IV. Conclusion

The Court ordered the respondents to "to file documentation that an official expressly authorized under 8 C.F.R. § 241.4(l)(1) or (2) has revoked Mr. Doe's release according to the process contained in that regulation," or, alternatively, to release Mr. Doe from detention. Dkt. 27 at 6. The respondents responded with documentation of decisions that were not made by expressly authorized officials or according to the regulatory process.

For the reasons discussed in the Court's previous order, dkt. 27, the respondents' revocation of Mr. Doe's order of supervision is contrary to law and must be set aside. 5 U.S.C. § 706(2). Therefore, Mr. Doe's petition for a writ of habeas corpus is **granted**. The respondents will have **through November 3, 2025**, to certify that Mr. Doe has been released from detention subject to his most recent order (and conditions) of supervision. The **clerk is directed** to enter **final**

---

[1] The respondents assert in a footnote that 8 U.S.C. § 1252(g) "bars further judicial review of ICE's revocation decision" because the decision to revoke Mr. Doe's release is a discretionary action arising from its decision to remove him from the United States. Dkt. 28 at 1, n.1.

The respondents are incorrect as a matter of law: § 1252(g) does not bar challenges to decisions to detain aliens pending removal. *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) "(The provision applies only to three discrete actions that the Attorney General may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'") (emphasis in original); *Carrera-Valdez v. Perryman*, 211 F.3d 1046, 1047 (7th Cir. 2000) ("Carrera wants review of his placement pending his transfer to another nation, and nothing in § 1252(g) precludes review of the decision to confine Carrera until then."); *Parra v. Perryman*, 172 F.3d 954, 957 (7th Cir. 1999) ("Parra. . . by contrast, did not ask the district court to block a decision 'to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.' *His claim concerns detention while the administrative process lasts*, and it may be resolved without affecting pending proceedings. *Section 1252(g) therefore does not foreclose review*.") (emphasis added).

If the respondents were correct in their interpretation of § 1252(g), the time to raise this argument was in their original response to Mr. Doe's petition, which unambiguously challenges the revocation of his release. If the Court lacks jurisdiction to review that action, the respondents should have raised the jurisdictional question immediately—not after the Court addressed the merits of the claim and directed the respondents to demonstrate their compliance with the regulatory requirements.

5

**judgment** consistent with this order and the parties' stipulated dismissal of the Clay County respondents, dkts. 24, 25.

      **IT IS SO ORDERED.**

Dated: October 31, 2025

Matthew P. Brookman, Judge
United States District Court
Southern District of Indiana

Distribution:

Sarah L. Burrow
LEWIS & KAPPES PC
sburrow@lewis-kappes.com

Edan Israel Gomez
Lewis Kappes
egomez@lewiskappes.com

Liberty L. Roberts
CHURCH CHURCH HITTLE & ANTRIM (Noblesville)
lroberts@cchalaw.com

Allison Lauren Upchurch
LEWIS & KAPPES PC
aupchurch@lewis-kappes.com

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
shelese.woods@usdoj.gov